UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN BARRIOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TORRES, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01234-ADA-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT AND TO ALLOW PLAINTIFF TO PROCEED ON HIS COGNIZABLE CLAIMS AGAINST THE REMAINING DEFENDANTS**<br><br>**14-DAY OBJECTION PERIOD** |

Franklin Barrios is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　　INTRODUCTION**

Plaintiff filed his original complaint on September 1, 2020. (Doc. 1.) Following issuance of the Court's first screening order (Doc. 9) in April 2021, Plaintiff filed a first amended complaint on September 7, 2021 (Doc. 16).

Before the Court is Plaintiff's first amended complaint for screening. 28 U.S.C. § 1915A(a).

**II.　　SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### III. PLEADING REQUIREMENTS

#### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id* (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's

liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### IV. PLAINTIFF'S ALLEGATIONS

For screening purposes, the Court accepts Plaintiff's factual allegations as true. *See Iqbal*, 556 U.S. at 678.

Plaintiff's complaint names California Correctional Institution Librarian Torres in her individual capacity, and California Department of Corrections and Rehabilitation (CDCR) Secretary Ralph Diaz and Governor Gavin Newsom[1] in their official capacities only. (Doc. 16 at 1-3.)

Plaintiff asserts a First Amendment Access to Courts claim against all named Defendants. Specifically, Plaintiff states that in the summer or fall of 2018 he went to the D Facility library to obtain Spanish language forms to file a habeas corpus petition challenging his criminal conviction. (Doc. 16 at 3.) Plaintiff states the primary ground for habeas corpus relief "was/is an I.A.C. [ineffective assistance of counsel] claim" because his defense attorney "failed to subject the People's case to adversarial testing and/or insufficient evidence …." (*Id* at 3-4.) (internal citations omitted). Defendant Torres refused to assist Plaintiff. Plaintiff overheard Torres tell other inmates Plaintiff "was a 'weirdo' and 'Cho-mo'" in reference to his convictions. (*Id*. at 4.)

---

[1] Plaintiff's complaint refers to the governor as "Gavin Newsome." The governor's surname is spelled Newsom however and the Court will refer to the corrected spelling throughout.

1   Plaintiff contends Torres advised him there were no habeas corpus forms available in the Spanish
2   language. (*Id.*) As a result, Plaintiff contends "time expired on his claim." (*Id.*)

3         Plaintiff contends Torres violated his First and Fourteenth Amendment rights, and that he
4   has demonstrated actual injury in the form of time constraints imposed by the Anti-Terrorism and
5   Effective Death Penalty Act (AEDPA),[2] meaning that the time within which he could file a timely
6   habeas petition has now expired. (Doc. 16 at 5.)

7         Next, as to Defendants Diaz and Newsom in their official capacities, Plaintiff repeats he
8   seeks injunctive relief only. (Doc. 16 at 6.) He contends "a failure to train, supervise, or control
9   their subordinates" is "the causal connection needed to make them liable" because there is
10  "sufficient evidence for a reasonable jury to return a verdict in favor of Plaintiff on a 'supervisor
11  liability' claim." (*Id.*) Plaintiff contends "there can be NO DOUBT" that Defendants Diaz and
12  Newsom "knew that Spanish formatted 'State Petitions for Writ of Habeas Corpus forms' DO
13  NOT exist, thereby violating the Spanish population of California's First and Fourteenth
14  Amendment rights." (*Id.* at 7.) Plaintiff asserts "[t]his demonstrates deliberate indifference to
15  Plaintiff's and/or his sect of both the prison population and/or the People living in the State of
16  California." (*Id.*) Plaintiff contends Diaz and Newsom's "policy of inaction (provide forms
17  legible to all) … is the functional equivalent of a decision by the defendants themselves to violate
18  the Constitution." (*Id.*)

19        Asked to briefly state the relief he seeks, Plaintiff indicated "injunctive relief, (be allowed
20  to file a collateral attack on [his] current case)," punitive damages in the sum of $100,000, and to
21  be provided with the proper Spanish language forms and/or legal materials. (Doc. 16 at 8.)

22  **V.     DISCUSSION**

23      **A.  Access to Courts**

24  Inmates have a fundamental, constitutional right of access to the courts. *Lewis v. Casey*,
25  518 U.S. 343, 346, 350 (1996). To establish a claim for denial of access to courts, a prisoner must

---

[2] The AEDPA establishes a one-year statute of limitations for a prisoner who is in custody as a result of state court judgment to file a federal habeas petition challenging the legality of the detention. 28 U.S.C. § 2244(d)(1); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). The one-year period typically runs from the date on which the state judgment becomes final "by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

4

1   allege an "actual injury," i.e., that an official frustrated or hindered her efforts to pursue a legal
2   claim. *Id.* at 351. The injury requirement, however, "is not satisfied by just any type of frustrated
3   legal claim." *Id.* at 354. Rather, the types of legal claims protected are limited to direct criminal
4   appeals, petitions for writs of habeas corpus, and civil rights actions brought under section 1983
5   to vindicate basic constitutional rights. *See id.* (citations omitted). "Impairment of any other
6   litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of
7   conviction and incarceration." *Id.* at 355 (emphasis omitted).

8   Claims of denial of access to courts generally fall into two categories: (1) claims arising
9   from an official frustrating a plaintiff from preparing and filing a lawsuit in the present, *i.e.*, a
10  forward-looking claim, or (2) claims arising from an official causing the loss of a meritorious
11  claim that can no longer be pursued, *i.e.*, a backward-looking claim. *Christopher v. Harbury,* 536
12  U.S. 403, 412-15 (2002). When a prisoner asserts a backward-looking claim, "he must show: 1)
13  the loss of a 'non-frivolous' or 'arguable' underlying claim; 2) the official acts frustrating the
14  litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available
15  in a future suit." *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing *Christopher*, 536
16  U.S. at 413-14), *vacated on other grounds by Hust v. Phillips*, 555 U.S. 1150 (2009).

17  Plaintiff asserts a backwards-looking claim. He alleges that Defendants denied him
18  Spanish-language materials which prevented him from filing a timely petition for writ of habeas
19  corpus, asserting ineffective assistance of counsel and insufficiency of the evidence claims. The
20  Supreme Court has held that a prison's failure to provide adequate assistance to non-English-
21  speaking prisoners may form the basis of an access-to-courts claim. *See Lewis*, 518 U.S. at 356
22  (1996) (when a "non-English-speaking inmate . . . shows that an actionable claim [challenging a
23  sentence or conditions of confinement] . . . has been lost or rejected . . . because this capability of
24  filing suit has not been provided, he demonstrates that the State has failed to furnish 'adequate
25  law libraries or adequate assistance'") (citation omitted).

26  Plaintiff states a cognizable access to courts claim against Defendant Torres because he
27  contends Torres's act in refusing or failing to provide him with the forms requested caused
28  Plaintiff to be unable to meet the deadline imposed by the AEDPA regarding the timely filing of a

5

1 habeas corpus petition, and that such a petition would have asserted IAC and insufficiency of the
2 evidence claims, or non-frivolous, arguable claims.

3 Next, the Court considers Plaintiff's access to court claims against Defendants Diaz and
4 Newsom, in their official capacities.

5 "Suits against state officials in their official capacity ... should be treated as suits against
6 the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108,
7 1111 (9th Cir. 2010) (treating prisoner's suit against state officials in their official capacities as a
8 suit against the state of California). An official-capacity suit "represent[s] only another way of
9 pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473
10 U.S. 159, 165 (1985) (citation omitted). Such a suit "is not a suit against the official personally,
11 for the real party in interest is the entity." *Id*. at 166.

12 A claim for prospective injunctive relief against a state official in his or her official
13 capacity is not barred by the Eleventh Amendment provided the official has authority to
14 implement the requested relief. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 92 (1989).
15 Moreover, "[a] plaintiff seeking injunctive relief against the State is not required to allege a
16 named official's personal involvement in the acts of omissions constituting the alleged
17 constitutional violation." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th
18 Cir. 2013); *see Rouser v. White*, 707 F. Supp. 2d 1055, 1066 (E.D. Cal. 2010) (proper defendant
19 for injunctive relief in suit seeking implementation of CDCR policy is the CDCR Secretary in his
20 official capacity). Instead, Plaintiff need only identify the law or policy challenged as a
21 constitutional violation and name the official or officials within the entity who is or are alleged to
22 have a "fairly direct" connection with the enforcement of that policy, *see Ex Parte Young*, 209
23 U.S. 123, 157 (1908), and can appropriately respond to injunctive relief. *Hartmann*, 707 F.3d at
24 1127 (citation omitted).

25 Here, liberally construing Plaintiff's first amended complaint, Plaintiff has alleged a
26 cognizable access to courts claim against Defendant Diaz in his official capacity because Plaintiff
27 seeks injunctive relief only and Diaz is a proper defendant as CDCR Secretary having the
28 authority to implement the requested relief.

However, Plaintiff has not stated a cognizable access to courts claim against Defendant Newsom. The *Ex Parte Young* exception does not apply here because Governor Newsom is not alleged to have any connection to the enforcement of the allegedly unconstitutional laws. *See Young*, 209 U.S. at 159-60. "[A] generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Coalition to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012). Plaintiff's assertions as to Governor Newsom are nothing more than an assertion that Newsom has a generalized duty to enforce state law or general supervisory power over the persons responsible. Such assertions are insufficient and therefore do not subject Newsom to suit. Further, the Court finds granting leave to amend the complaint as to this claim would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1126–30 (9th Cir. 2000).

### VI.    CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, Plaintiff has stated cognizable access to courts claims against Defendant Torres in her individual capacity and Defendant Diaz in his official capacity. However, Plaintiff has failed to state any cognizable claim against Defendant Newsom.

Accordingly, the Court **RECOMMENDS** that:

1. Defendant Newsom be DISMISSED; and,
2. The claims in Plaintiff's first amended complaint be DISMISSED, *except* for its access to courts claim seeking damages against Defendant Torres in her individual capacity, and the access to courts claim seeking injunctive relief against Defendant Diaz in his official capacity, pursuant to 42 U.S.C. § 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). Within 14 days of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of

//

//

7

1 | rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v.*
2 | *Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).
3 | IT IS SO ORDERED.
4 | Dated:   **January 17, 2023**                        _____
5 |                                                      UNITED STATES MAGISTRATE JUDGE