UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN BARRIOS,<br><br>               Plaintiff,<br><br>    v.<br><br>TORRES, et al.,<br><br>               Defendants. | Case No. 1:20-cv-01234-ADA-CDB (PC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>(Doc. 25) |

Franklin Barrios is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.      RELEVANT BACKGROUND**

Plaintiff initiated this action with the filing of his original complaint on September 1, 2020. (Doc. 1.)

In its First Screening Order issued April 29, 2021, the Court determined Plaintiff had failed to state a cognizable claim upon which relief could be granted. (Doc. 9.) Plaintiff was given 21 days within which to file a first amended complaint. (*Id.* at 6-7.)

Following the Court's grant of Plaintiff's requests for extensions of time, Plaintiff filed a first amended complaint on September 7, 2021. (Doc. 16.)

On October 6, 2022, the Court issued its Order of Reassignment, reassigning this action to the undersigned as magistrate judge. (Doc. 20.)

On January 17, 2023, the undersigned issued Findings and Recommendations, to dismiss Defendant Newsom and to dismiss Plaintiff's first amended complaint, except for its access to courts claim seeking damages against Defendant Torres in her individual capacity, and the access to courts claim seeking injunctive relief against Defendant Diaz in his official capacity. (Doc. 21.) Plaintiff was advised that written objections to the findings and recommendations must be filed no later than 14 days following service of the findings. (*Id.* at 7-8.) No objections were filed.

On February 21, 2023, District Judge Ana de Alba issued an Order adopting the findings and recommendations. (Doc. 22.) Defendant Newsom was dismissed from the action, and Plaintiff's case was to proceed on his access to courts claim seeking damages against Defendant Torres in her individual capacity, and his access to courts claim seeking injunctive relief against Defendant Diaz in his official capacity. (*Id.* at 2.)

On February 24, 2023, the Court issued its Order Finding Service Appropriate. (Doc. 23.) Specifically, service was to be effected as to Defendants Torres and Diaz via the Court's e-service pilot program. (*Id.* at 1-2.) Certain procedures and deadlines are outlined in the order concerning service. (*Id.* at 2-4.)

On February 27, 2022, Plaintiff filed a "Motion for Leave to File An Amended Complaint." (Doc. 25.) The second amended complaint was lodged that same date. (Doc. 26.)

**II.     DISCUSSION**

*Plaintiff's Motion*

In his single-page motion, Plaintiff requests leave to file an amended complaint, pursuant to Federal Rule of Civil Procedure 15, "in order to clarify and comprehensively plead his claims for relief based on the original set of operative facts." (Doc. 25.) He states he "has received assistance from an inmate who has assisted him in the creation of the SECOND AMENDED COMPLAINT." (*Id.*) Further, Plaintiff states that "[s]ince the previous filing of the FIRST AMENDED CMPLAINT and his receipt of the Magistrate's Findings and Recommendations, Plaintiff has become aware of deficiencies in his FIRST AMENDED COMPLAINT which have been corrected in the SECOND AMENDED COMPLAINT attached hereto." (*Id.*)

//

2

***Plaintiff's Proposed Second Amended Complaint***

A review of the proposed second amended complaint reveals Plaintiff seeks to add another claim and additional defendants, and to assert additional facts concerning a previously asserted access to courts claim. (*See* Doc. 26.)

In his first amended complaint, Plaintiff asserted a single cause of action against named Defendants Torres and Diaz for violations of his First Amendment rights concerning his access to courts.[1] (*See* Doc. 16.)  Now, Plaintiff seeks to assert a second cause of action arising under California state law, and to add unidentified "CDCR staff members" as Does 1 through 10 as Plaintiff asserts additional facts concerning his First Amendment access to courts claim. (Doc. 26 at 6.) It is clear from the factual allegations asserted in the proposed second amended complaint, concerning Plaintiff's access to courts claim, that the unknown Doe Defendants are employed at CDCR facilities other than the California Correctional Institution (CCI) where Defendant Torres is employed and where Plaintiff is presently housed, and where he was housed when he filed his original complaint. (Doc. 26 at 6-8.) Specifically, Plaintiff indicates Does 1 through 4 are law library staff employed at Avenal State Prison in 2016 (*id*. at 6-7) and Does 5 through 8 are law library staff employed at Tehachapi State Prison in 2017 (*id*. at 7).

***Applicable Legal Standards***

Rule 15(a) of the Federal Rules of Civil Procedure states:

(a) **Amendments Before Trial**.

(1) ***Amending as a Matter of Course***. A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) ***Other Amendments***. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when

---

[1] Plaintiff also named Gavin Newsom as a defendant; Newsom was dismissed from the action on February 21, 2023. (*See* Doc. 22.)

1    justice so requires.

2    (3) *Time to Respond*. Unless the court orders otherwise, any
     required response to an amended pleading must be made
3    within the time remaining to respond to the original pleading
     or within 14 days after service of the amended pleading,
4    whichever is later.

5    Rule 20(a) of the Federal Rules of Civil Procedure provides, in relevant part:

6    (a) **Persons Who May Join or Be Joined**.

7    (2) *Defendants*. Persons--as well as a vessel, cargo, or other
     property subject to admiralty process in rem--may be joined
8    in one action as defendants if:

9    (A) any right to relief is asserted against them jointly,
     severally, or in the alternative with respect to or
10   arising out of the same transaction, occurrence, or
     series of transactions or occurrences; and

11
     (B) any question of law or fact common to all
12   defendants will arise in the action.

13   Leave to amend a pleading "is entrusted to the sound discretion of the trial court,"

14   *Pisciotta v. Teledyne Indus. Inc*., 91 F.3d 1326, 1331 (9th Cir. 1996), and "[t]he court should

15   freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2). In exercising its discretion, a

16   court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits,

17   rather than on the pleadings or technicalities …. Accordingly, Rule 15's policy of favoring

18   amendments to pleadings should be applied with extreme liberality." *United States v. Webb*, 655

19   F.2d 977, 979 (9th Cir. 1981) (internal quotation marks & citations omitted).

20   Rule 15 is construed less liberally when new parties are proposed. *Union Pacific R. Co. v.

21   Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) ("Amendments seeking to add claims

22   are to be granted more freely than amendments adding parties") (citing *Martell v. Trilogy Ltd*.,

23   872 F.2d 322, 324 (9th Cir. 1989)). In evaluating a proposed amendment to add parties, a court

24   also considers the requirements of Rule 20. *See Desert Empire Bank v. Insurance Co. of N.

25   America*, 623 F.2d 1371, 1374 (9th Cir. 1980) (a plaintiff's petition to amend pleadings to add a

26   defendant brings into consideration Rules 15 and 20); *Denham v. Aranda*, No. 09-cv-1505, 2012

27   WL 3561988, at *3 (S.D. Cal. Aug. 17, 2012) (denying plaintiff leave to amend to add claims and

28   parties because adding the claims would violate Rule 20); *Travelers Cas. and Sur. Co. of America*

4

1  *v. Dunmore*, No. CIV S-07-2493 LKK/DAD, 2010 WL 2546070, at *4-7 (E.D. Cal. June 23,

2  2010) (analyzing a motion to amend a complaint to add new parties under both Rule 15 and Rule

3  20).

4     Rule 20(a) imposes two requirements for permissive joinder: "(1) a right to relief must be

5  asserted against each defendant relating to or arising out of the same transaction or occurrence or

6  series of transactions or occurrences, and (2) some question of law or fact common to all parties

7  must arise in the action." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000); 7

8  Wright, Miller & Kane, Federal Practice and Procedure, § 1653 (3d ed.) (Rule 20(a) "imposes

9  two specific requisites to the joinder of parties.... Both of these requirements must be satisfied in

10  order to sustain party joinder under Rule 20(a)"). If these threshold requirements are met, the

11  court must then consider other relevant factors to determine whether joinder comports with

12  principles of fundamental fairness. These factors are similar to those for Rule 15 – possible

13  prejudice to a party and the motive of the party seeking joinder. *See Coleman*, 232 F.3d at 1296

14  ("[A] district court must examine whether permissive joinder would 'comport with the principles

15  of fundamental fairness' or would result in prejudice to either side"); *see also Desert Empire*

16  *Bank*, 623 F.2d at 1375 ("[W]hen making a decision whether to allow the permissive joinder of a

17  party, a court should consider such factors as the possible prejudice that may result to any of the

18  parties in the litigation, ... the motive [of] the moving party ..., [and] the closeness of the

19  relationship between the new and the old parties").

20     *Analysis*

21     The Court must analyze whether Plaintiff's motion, and the proposed second amended

22  complaint, meet the requirements of Rules 15 and 20 for adding both a new claim and new

23  defendants.

24  ### Rule 15: Leave to Amend

25     The Court finds good cause to grant in part Plaintiff's motion to amend. Fed. R. Civ. P.

26  15(a)(2). In the proposed second amended complaint, Plaintiff's first cause of action asserting

27  First Amendment violations regarding his access to courts—specifically the additional factual

28  allegations made in the proposed second amended complaint directed to unknown Does 1 through

5

1    10—will facilitate a decision on the merits. *Webb*, 655 F.2d at 979.

2         Nevertheless, regarding Plaintiff's second cause of action in the proposed second

3    amended complaint—asserting state law claims—the Court finds Plaintiff's motion should be

4    denied.

5         More particularly, Plaintiff's proposed second amended complaint asserts violations of

6    Title 15, California Code of Regulations section 3160[2] in the second cause of action. (Doc. 26 at

7    12-14.) However, to the extent defendants have not complied with applicable state statutes or

8    prison regulations, these deprivations do not support a claim under section 1983. Section 1983

9    only provides a cause of action for the deprivation of federally protected rights. *See e.g.*, *Nible v.*

10   *Fink*, 828 Fed. Appx. 463, 464 (9th Cir. 2020) (violations of Title 15 of the California Code of

11   Regulations do not create private right of action) (unpublished); *Nurre v. Whitehead*, 580 F.3d

12   1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal

13   constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–

14   12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right

15   of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if

16   they occurred"); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D.

17   Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of

18   the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW

19   (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of

20   action under Title 15 of the California Code of Regulations).

21        The proposed second amended complaint also asserts violations of California Penal Code

22   sections 2600 and 2601[3] in the second cause of action. (Doc. 26 at 12-14.) However, California

23   
24   [2] Title 15 of the California Code of Regulations section 3160(a) provides: "Inmate access to the courts
     shall not be obstructed. Staff shall assist illiterate inmates or those physically incapable of preparing forms
     adopted under rules of the United States courts and the Judicial Council of California for petitions for
25   habeas corpus or modification of custody if such an inmate requests assistance. Staff shall not in any way
     retaliate against or discipline any inmate for initiating or maintaining a lawsuit."

26   
     [3] California Penal Code section 2600 provides that "[a] person sentenced to imprisonment in a state prison
27   pursuant to subdivision (h) of Section 1170 may during that period part of confinement be deprived of
     such rights, and only such rights, as is reasonably related to legitimate penological interests." California
28   Penal Code section 2601 specifies certain civil rights that prisoners retain during their term of
     imprisonment. Subdivision (d) of that section provides the right "[t]o initiate civil actions, subject to a

1   Penal Code sections 2600 and 2601 include no provision for civil enforcement of any kind. *See*

2   *Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (district court properly dismissed

3   claims brought under several sections of the California Penal Code because those code sections

4   did not create enforceable individual rights); *Bailey v. Leonhardt*, 481 Fed. Appx. 381, 382 (9th

5   Cir. 2012) ('The district court properly dismissed several of [plaintiff's] claims before trial

6   because they relied on criminal statutes that provided no private right of action'") (unpublished).

7   *See also Stephen v. Tilestone*, No. 2:20-cv-1841 KJN P, 2021 WL 289379, at *4 (E.D. Cal. Jan.

8   28, 2021) ("plaintiff has not established that California Penal Code Section 2600 permits a private

9   right of action. 'A private right of action under a criminal statute has rarely been implied.');

10  *Roberts v. Beard*, No. 15cv1044 WQH (RBM), 2019 WL 332704, at *11 (S.D. Cal. Jan. 25,

11  2019) ("With regard to Plaintiff's alleged violations of the California Penal Code [§§ 2600, 2651

12  & 2601(b)], Plaintiff fails to state a claim."); *Harvey v. City of South Lake Tahoe*, No. CIV S-10-

13  1653 KJM EFB PS, 2011 WL 3501687, at *7 (E.D. Cal. Aug. 9, 2011) (noting California

14  criminal statutes do not provide a private right of action without statutory reference).

15         In sum, Plaintiff will be granted leave to amend his first cause of action asserted in the

16  proposed second amended complaint because it provides additional facts relevant to his claims.

17  However, Plaintiff will not be granted leave to amend to assert his second cause of action, state

18  law claims citing to the California Code of Regulations and the California Penal Code.

19                              **Rule 20: Permissive Joinder**

20         The Court separately must determine whether Plaintiff's first cause of action as asserted in

21  the proposed second amended complaint complies with Rule 20.

22         The first question under Rule 20(a) is whether Plaintiff's new claim arises out of the same

23  transaction or occurrence or the same series of transactions or occurrences as his existing claims.

24  The Court finds that it does. That standard "refers to similarity in the factual background of a

25  claim." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Specifically, Plaintiff's First

26  Amendment access to courts claim now involves the "same series of transactions or occurrences"

27  _____

28  three dollar ($3) filing fee to be collected by the Department of Corrections, in addition to any other filing
    fee authorized by law, and subject to Title 3a (commencing with Section 391) of the Code of Civil
    Procedure" is a right retained by the prisoner.

as that alleged in his earlier complaint. This is so because Plaintiff contends that at Avenal State Prison and at Tehachapi State Prison, the law library staff interfered with his meaningful access to the courts through a denial of adequate law library services, like the cognizable claim stated against Defendant Torres in Plaintiff's first amended complaint.

The second question under Rule 20(a) is whether the existing and new claims share questions of law or fact. Here, the Court finds Plaintiff's first cause of action in the proposed second amended complaint shares questions of law and fact with the access to courts claims asserted in the now operative first amended complaint. That is, whether law library staff, Does 1 through 10, at Avenal State Prison and Tehachapi State Prison, violated Plaintiff's First Amendment access to courts rights when they failed to provide adequate law library services allowing for Plaintiff's meaningful access to the court, like the violation alleged against Defendants Torres and Diaz in the first amended complaint.

The Court notes the "new" First Amendment access to courts claim in Plaintiff's proposed second amended complaint, while involving employee defendants from three different prison facilities—Avenal, CMC and Tehachapi—supports joinder here. *See e.g.*, *Courthouse News Service v. Schaeffer*, 429 F .Supp.3d 196, 202 (E.D. Va. 2019) (courtroom news provider's claims against two court clerks from different judicial districts arose out of same transaction or series of transactions, supporting joinder of cases against both clerks, in provider's action alleging violation of First Amendment right to free press based on alleged delays in release of information about ongoing civil litigation; alleged constitutional deprivations were nearly if not completely identical, and fact pattern was substantially the same); *Karasov v. Caplan Law Firm, P.A.*, 84 F. Supp.3d 886, 915-16 (D. Minn. 2015) (permissive joinder of various city, county, and municipal entities was warranted in action alleging their employees impermissibly accessed plaintiff's motor vehicle data; claims raised common issues and transactions or occurrences, since employees of each entity accessed data at a similar time); *In re Monon Telephone Co., Inc.*, 218 F.R.D. 614, 616 (N.D. Ind. 2003) (joinder proper where parties' alleged unlawful conduct, though undertaken independently of one another, were part of series of similar occurrences and raised common issues of fact and law).

1   Further, the Court finds this permissive joinder comports with the principles of

2   fundamental fairness and would not result in prejudice to Defendants. *See Coleman*, 232 F.3d at

3   1296.

4   In sum, the Court finds it is proper to join Does 1 though 10 for the constitutional

5   violations alleged in the first cause of action in Plaintiff's proposed second amended complaint.

6   **III.     CONCLUSION AND ORDER**

7   For the reasons given above, Plaintiff's motion filed February 27, 2023 (Doc. 25) is

8   **GRANTED in part and DENIED in part**.

9   Plaintiff is advised that because his motion for leave to amend was only partially granted,

10   he will be required to file a third amended complaint wherein he shall assert the first cause of

11   action from the *proposed* second amended complaint.[4] In other words, the third amended

12   complaint shall assert violations of his First Amendment right to access to the courts against

13   Defendants Torres and Diaz, and unknown Does 1 through 10, **only**.[5] For the reasons explained

14   above, Plaintiff may *not* assert his state law claims (the second cause of action in his *proposed*

15   second amended complaint) in the third amended complaint. **Plaintiff shall file his third**

16   **amended complaint within 30 days of the date of service of this order**.

17   In the event Plaintiff fails to file a third amended complaint as ordered, this action will

18   proceed on the claims found cognizable in this Court's Findings and Recommendations issued

19   January 17, 2023 (Doc. 21) and adopted by Judge de Alba on February 21, 2023 (Doc. 22).[6]

20   IT IS SO ORDERED.

21   Dated:   **March 28, 2023**

22                                             UNITED STATES MAGISTRATE JUDGE

---

[4] The lodged proposed second amended complaint will not be filed.

[5] An amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, an amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

[6] On March 17, 2023, a Notice of Intent to Waive Service was filed by Defendants Torres and Diaz. (Doc. 27.)  Service of process upon these Defendants is currently underway. (*See* Doc. 23 [Order Finding Service Appropriate].)