UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN BARRIOS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TORRES, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01234-ADA-CDB (PC)<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDERS**<br><br>**14-DAY DEADLINE** |

　　　Franklin Barrios is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　On June 29, 2023, Defendants Diaz and Torres filed a Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. 33.) Pursuant to Local Rule 230(*l*), Plaintiff's opposition or statement of non-opposition was to be filed "not more than twenty-one (21) days after the date of service of the motion." Defendants' motion papers served on Plaintiff advised him of this requirement. (*Id*. at 2.) More than 21 days have passed; however Plaintiff has not filed an opposition or a statement of non-opposition to Defendants' motion. Finally, the Court notes Plaintiff has not sought an extension of time within which to file an opposition to Defendants' motion.[1]

---

[1] In this Court's September 2, 2020 order, Plaintiff was advised "the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules") …. Failure to so comply with be grounds for imposition of sanctions which may include dismissal of the case." (*See* Doc. 3 at 1 [First Informational Order In Prisoner/Civil Detainee Civil Rights Case].) The same order states "all Court deadlines are

1     The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

    Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's orders. Alternatively, within that same time, Plaintiff may file his opposition or statement of non-opposition to Defendants' motion to dismiss.

    **Failure to comply with this order will result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated:   **July 26, 2023**                                           /s/
                                                           UNITED STATES MAGISTRATE JUDGE

---

strictly enforced. Requests for extensions of time must be filed before the deadline expires and must state good reason for the request." (*Id*. at 5.)