UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN BARRIOS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TORRES, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01234-ADA-CDB (PC)<br><br>ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS<br><br>(Doc. 33)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(Doc. 34)<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff Franklin Barrios is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.

　　　　On June 29, 2023, Defendants Diaz and Torres filed a motion to dismiss Plaintiff's first amended complaint. (Doc. 33.) After Plaintiff failed to file a timely response in opposition or statement of non-opposition, on July 26, 2023, the Court entered an order requiring Plaintiff to show cause, within fourteen days, why this action should not be dismissed for failure to comply with court orders. (Doc. 34.) Alternatively, within the same period, Plaintiff could file an opposition or a statement of non-opposition to Defendants' motion to dismiss. (*Id.* at 2.) The Court advised Plaintiff: "**Failure to comply with this order will result in a recommendation**

**that this action be dismissed.**" (*Id.*) (alteration in original).

On July 12, 2023,[1] Plaintiff filed the instant *ex parte* application for a thirty-day extension of time to file an opposition to Defendants' motion to dismiss.[2] (Doc. 35.) Plaintiff asserts he has been unable to prepare a timely response due to his limited access to the law library. (Doc. 35.) The Court finds that Plaintiff has demonstrated good cause for the requested extension of time.

The Court further finds Plaintiff's motion for an extension of time was timely, and the time to response to the order to show cause has not expired. Therefore, the order to show cause is discharged, and Plaintiff is not required to respond to the order to show cause.

Accordingly, it is hereby ORDERED:

1. The order to show cause (Doc. 34) issued on July 26, 2023, is DISCHARGED;
2. Plaintiff's application for an extension of time (Doc. 35) is GRANTED *nunc pro tunc*;
3. **Within thirty (30) days** from the date of service of this Order, Plaintiff shall file a response in opposition to Defendants' motion to dismiss or a notice of non-opposition.

**If Plaintiff fails to file a timely response to Defendants' motion to dismiss, the Court will deem the motion unopposed and consider the motion without Plaintiff's input.**

IT IS SO ORDERED.

Dated: **August 9, 2023**

UNITED STATES MAGISTRATE JUDGE

---

[1] Under the prison mailbox rule, a pleading filed by a pro se prisoner is deemed filed as of the date the prisoner delivered it to the prison authorities for mailing to the court clerk. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1108–09 (9th Cir. 2009) (mailbox rule articulated in *Houston* applies to civil rights actions). The Clerk of Court received and docketed Plaintiff's pleading on August 4, 2023. (*See* Doc. 35.) Therefore, Plaintiff filed the instant motion before receiving the Court's order to show cause; conversely, the Court entered the order to show cause before receiving the instant motion for an extension of time. (*See* Docs. 34, 35.)

[2] Plaintiff has calculated the original deadline to respond to the motion to dismiss as July 24, 2023, and thus seeks a thirty-day extension to August 23, 2023. (Doc. 35.) However, the Court's order to show cause entered on July 26, 2023, afforded Plaintiff fourteen days—or by August 9, 2023—to respond to the motion. Therefore, the Court grants Plaintiff thirty days from the date of service of this Order to respond to Defendants' motion to dismiss.

2